# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL CASTRILLON,<br><br>      Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS AND RESORTS, LLC, et al.,<br><br>      Defendants. | Civil Action No.: 18-cv-11392 CCC SCM<br><br>**OPINION AND ORDER<br>ON MOTION TO TRANSFER VENUE**<br><br>**[D.E. 8]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before the Court are Defendants, Wyndham Hotel and Resorts, LLC ("Wyndham Resorts") and Prime Janitorial Service Corporation (the "Wyndham Defendants"), motion to transfer venue to the District of Puerto Rico. The Honorable Claire C. Cecchi, U.S.D.J. referred this motion to the undersigned for decision.[1] The motion has not been opposed. For the following reasons, the Court **GRANTS** Defendant's motion.

**I.    BACKGROUND**[2]

This is a personal injury action in which Daniel Castrillon ("Mr. Castrillon") slipped and fell on a wet rug at the Wyndham Grand Rio Mar Resort and Spa in Puerto Rico while a guest there.[3] In the complaint, Mr. Castrillon alleges that Wyndham Resorts and Prime Janitorial

---

[1] *See* L. Civ. R. 72.1(a)(1).

[2] The Court relies upon the allegations set forth within the record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (ECF Docket Entry ("D.E.") 1, Pl.'s Compl., at 2). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Filing System.

Services were negligent in failing to maintain the premises or warn guests of the dangerous condition. Allied Universal, the security provider at the resort, wrote an incident report and documented that Mr. Castrillon received medical assistance for his injuries and informed personnel of the wet rug.[4]

Mr. Castrillon, a New Jersey resident, subsequently filed suit in New Jersey against Wyndham Hotels and Resorts, LLC, and Prime Janitorial Service, a Puerto Rican corporation.[5] The Wyndham Defendants filed a motion to transfer venue under Fed. R. Civ. P. 1404(a).[6] Opposition was due on October 22, 2018 and Mr. Castrillon did not oppose the motion or request an extension of time.

## II.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[7] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[8] Motions to transfer are non-dispositive.[9] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[10]

---

[4] (D.E. 8-3, Defs.' Mot. For Transfer of Venue, at 2).

[5] (D.E. 1, Pl.'s Compl.) (Complaint also includes unknown defendants).

[6] (D.E. 8-1, Defs.' Mot. For Transfer of Venue).

[7] 28 U.S.C. § 636(b)(1)(A).

[8] *See* L. Civ. R. 72.1(a)(1).

[9] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[10] 28 U.S.C. § 636(b)(1)(A); *Marks v. Struble*, 347 F.Supp. 2d 136, 149 (D.N.J. 2004).

## III. DISCUSSION AND ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a case to any venue where it may have been brought "for the convenience of parties and witnesses, in the interest of justice."[11] In applying § 1404(a), courts consider both private and public interest factors.[12] The decision whether to transfer falls in the sound discretion of the trial court."[13]

### A. Appropriate Venue

The threshold inquiry this Court must make on a motion to transfer venue is whether the transferee district is a "district in which this action might have been brought."[14] Under 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district where "a substantial part of the events [give] rise to the claim."[15] Because Mr. Castrillon slipped and fell at the Wyndham Resort in Puerto Rico, a substantial part of the events giving rise to the claim occurred in the District of Puerto Rico.

### B. Interest of Justice and Convenience

After determining that the transferee district is an appropriate venue, this Court must determine whether the "interest of justice" and "convenience of the parties and witnesses" weigh in favor of transfer.[16] The Third Circuit in *Jumara v. State Farm Insurance Co.* promulgated a

---

[11] 28 U.S.C. § 1404(a).

[12] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

[13] *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

[14] 28 U.S.C. § 1404(a); *see also Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006).

[15] 28 U.S.C. § 1391(b)(2).

[16] 28 U.S.C. § 1404(a).

set of private and public factors to guide courts in this regard.[17] This Court finds that the *Jumara* factors weigh in favor of transfer, and that it is in the interest of justice and convenience of the parties and witnesses to transfer this case to the District of Puerto Rico.

**1. Private Interest Factors Support Transfer**

Private interest factors weigh in favor of transfer to the District of Puerto Rico. Under *Jumara*, these factors include the plaintiff's choice of forum; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; the convenience of the parties as indicated by their relative physical and financial condition; and the location of books and records.[18]

Here, several factors weigh in favor of transfer. Whether the claim arose elsewhere weighs strongly towards transfer because the events giving rise to the action occurred entirely in the District of Puerto Rico.[19] The hotel, the Wyndham Grand Rio Mar Resort and Spa, where Mr. Castrillon slipped and fell is located in Puerto Rico. The injuries Mr. Castrillon sustained, the alleged negligent acts of Janitorial Services Corporation, and the reporting of the incident all occurred in Puerto Rico. Regarding any witnesses, transfer is favored if the most pertinent witnesses are in the transferee district.[20] The employees and managers of the Wyndham Resort are located in Puerto Rico, as are the medical personnel that responded to the incident.[21] The

---

[17] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

[18] *Id.* at 879.

[19] (D.E. 1, Pl.'s Compl.).

[20] *Mancini v. Benihana Nat. Corp.*, 2013 WL 6147808, at *3 (D.N.J. Nov. 22, 2013).

[21] (D.E. 8-3, Defs.' Mot. For Transfer of Venue, at 2).

4

reports and records of the incident are located in Puerto Rico as well.[22] Additionally, Mr. Castrillon has not claimed financial[23] or physical hardship[24] demonstrating why litigating in the District of Puerto Rico would be inconvenient, nor objected to the transfer.

Although Mr. Castrillon chose to litigate this case in New Jersey, "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district."[25] The Court finds that plaintiff's choice of forum, New Jersey, should be given less weight than it ordinarily deserves because the operative facts of Mr. Castrillon's claim arose solely in Puerto Rico. Therefore, on balance, the private interest factors weigh in favor of transfer to the District of Puerto Rico.

### 2. Public Interest Factors Support Transfer

Public interest factors weigh in favor of transfer to the District of Puerto Rico. Under *Jumara*, these factors include the enforceability of the judgment; practical considerations making the trial easy, expeditious, or inexpensive; administrative difficulty in the two fora resulting from court congestion; local interest in deciding a local controversies at home; public policies of the fora; and the trial judge's familiarity with the applicable law.[26]

Here, several factors weigh in favor of transfer. Practical considerations making the trial easy, expeditious, or inexpensive weigh in favor of transfer because the bulk of evidence and

---

[22] *Id.*

[23] *Eon–Net, L.P. v. Coolanimalstuff.com*, 2005 WL 2654079, at *3 (D.N.J. Oct. 17, 2005)

[24] *Passero v. Killington, Ltd.*, 1993 WL 406726, at *1, *5 (E.D.Pa. Oct. 4, 1993).

[25] *Allianz Life Ins. Co. of North America v. Estate of Bleich*, 2008 WL 4852683, at *3 (D.N.J. Nov. 7, 2008).

[26] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

5

witnesses who would provide relevant testimony are located in Puerto Rico. It would be more expensive and burdensome to bring this evidence and witnesses to New Jersey when they are located within the District of Puerto Rico. In regard to administrative difficulty resulting from court congestion, this factor weighs in favor of transfer. The District of New Jersey has a demonstrably heavier case load than the District of Puerto Rico.[27] As a result, it would be administratively more difficult to litigate this matter in the District of New Jersey than in the District of Puerto Rico. Local interests in deciding local controversies at home also weigh towards transfer because the matter is local to Puerto Rico, and the public policies of the fora weigh towards transfer because "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey."[28] As to the trial judge's familiarity with the applicable law, federal district courts "are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit."[29] This does not weigh for or against transfer. Overall, the public factors weigh towards transfer.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it is in the interest of justice to transfer this case to the District of Puerto Rico.

An appropriate order follows.

---

[27] U.S. Courts, Federal Judicial Caseload Statistics tbl. C (Mar. 31, 2018), http://www.uscourts.gov/federal-judicial-caseload-statistics-2018-tables.

[28] *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).

[29] *Yocham v. Novartis Pharms. Corp.,* 565 F. Supp. 2d 554, 560 (D.N.J.2008).

6

# **ORDER**

**IT IS** on this Friday, October 26, 2018,

1. **ORDERED** that Defendant's motion to transfer is **GRANTED**; and it is further

2. **ORDERED** that the Clerk of the Court shall transfer this action to the District of Puerto Rico.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/26/2018 4:44:55 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
File